**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN MARKOU, EVMORFIA MARKOU, DEMETRI MARKOU, PATRICIA HATABURDA and KEITH SCHUTH, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Honorable Judge ) |
| EQUESTRIAN ESTATES HOMEOWNERS ASSOCIATION, STATE FARM, | ) Edmond E. Chang ) |
| REMO TURANO, MARY ANN BACHELOR DANIEL NOONAN, CHARLES ENGLUND, | ) Case# 17CV04917 ) |
| JOHN BERNACCHI, GREG GILBERTSON, MARSHA HUNTER, JAMES SCHULTE, | ) ) |
| ARNSTEIN AND LEHR,O'HAGAN MEYER, ALLAN GOLDBERG, JENIFER H.CARCACCIOLO, DANIEL J. NOLAN, LUKE P. SHERIDAN, | ) FILED ) ) JAN - 3 2018 |
| Defendants. | ) ) THOMAS G. BRUTON ) CLERK, U.S. DISTRICT COURT ) ) |

Motion for summary judgment under Rule 56 (e)(3) for failing to properly support or address a fact, along with Rule 56 (c)(1)(A)(B),(c)(2)&(4),the joint defendants motion to dismiss is not supported by affidavit or cannot be presented in a form that would be admissible in evidence.

## Appendix

**Affidavit**............................................................................................**Tab A**

### Table of cases

Boyle v. United States, 556 U.S. 938 (2009).

*Adamson v. California,* 332 U. S. 46 (1947); *United States ex rel. Bilokumsky v. Tod,* 263 U. S. 149, 263 U. S. 153-154 (1923); *Raffel v. United States,* 271 U. S. 494 (1926); *Twining v. New Jersey,* 211 U. S. 78 (1908). *See also* **United States v. Hale,** **422 U. S. 171, 422 U. S. 176-177** (1975); *Gastelum-Quinones v. Kennedy,* 374 U. S. 469, 374 U. S. 479 (1963); *Grunewald v. United States,* 353 U. S. 391, 353 U. S. 418–424 (1957)." Ducan v. Butterowe, Inc. Tex.Civ.App 474 S.W.2d 619,621.

U.S. v. Tweel, 550 F.2d 297, 299. (5th Cir. 1977) See also U.S. v. Prudden, 424 F.2d 1021, 1032, 1033 (5th Cir. 1977)

Morrison v. Coddington, 662 P. 2d. 155, 135 Ariz. 480.

McNally v. U.S., 483 U.S. 350, 371-372, Quoting U.S. v Holzer, 816 F.2d. 304, 307, State vs. Coddington, 662 P 2d 115, 113 Arizona 480, Arizona App. MILLER v. UNITED STATES, 150 F.3d 770 (**1998**) Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647. Group v. Finletter 108 F.Supp. 327 United States v. Kis, 658 F.2d 526, 536-37 **(7th Cir.1981),** cert. denied, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982) -- Cert Denied, 50 U.S. L.W. 2169; S.Ct. March 22, 1982."

Seitzer v. Seitzer, 80 Cal. Rptr. 688 *Morris v National Cash Register*, 44 S.W. 2d 433 Morris vs. NCR, 44 SW2d 433 Morris v National Cash Register, 44 SW2d 433: Melorich Builders v. The SUPERIOR COURT of San Bernardino County (Serbia) 207 Cal.Rptr. 47 (Cal.App.4 Dist. 1984) States v. Lopez, No. 07-3159 (10th Cir. 03/04/2008). Johnson, No. 05-

8089 (10th Cir. 08/28/2007).Kazmaier v. Wooten, 761 F.2d 46 (1st Cir. 04/30/1985). Thrift Drug Inc. v. Universal Prescription Administrators, 131 F.3D 95 (2d Cir. 12/11/1997) In re Syntex Fabrics Inc., 698 F.2d 199 (3rd Cir. 01/19/1983)." Lolavar v. Santibanes, 430 F.3d 221 (4th Cir. 12/01/2005). United Technologies Corp., 835 F.2d 109 (5th Cir. 01/07/1988). Barrett v. United States and Internal Revenue Service, 795 F.2d 446 (5th Cir. 07/28/1986).Albertson v. Stevenson, 749 F.2d 223 (5th Cir. 12/26/1984). Bonet v. United States Postal Service, 712 F.2d 213 (5th Cir. 08/19/1983). Justofin v. Metropolitan Life Insurance Co., 372 F.3d 517 ( 06/25/2004).Butz v. Economou, 438 U.S. 478, 495, 98 S.Ct. 2894, 2905, 57 L.Ed.2d 895 (**1978**) Owens v. City of Independence, 100 S.Ct 1398 **(1980)** **see also** Maine v. Thiboutot,448 US 1, 100 S. Ct. 2502 Hafer v. Melo, 502 US 21 People v. Fisher, 14Wend.(N.Y.) 9, 28 Am.Dec. 501 (Ballard County v. Kentucky County Debt Commission, 290 KY 770, 162 S.W.2d 771, 773)."As found in Black´s Law Dictionary, Fifth Edition (1979), page 1261, citing Ballard County v. Kentucky County Debt Commission, 290 Ky. 770. (1942), 162 S.W.2d 771, 773. et al *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280. Resolute Ins. Co. v. State of North Carolina, 397 F.2d 586, 589 (4th Cir. 1968)" Riehle v. Margolies, 279 U.S. 218, 225 (1929)." "Powell v. American Bank & Trust Co. Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. **In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985**) Davis v. Burris, 51 Ariz.220,75 p.2nd 689." United States v. Lee, 106 U.S

196,220,1S.CT.240, 27 L.ED. 171 {1882) Buckles v. King County 191 F.3D
1127,*1133{C.A.9{WASH.},**1999**

1.    Let the record show, all 309 claims were not answered point by
point, according to Rule 10 b, Rule 8 (1) (A) (B) (2)&(6) or Rule 56
(e)(3) **for failing to properly support or address a fact,** and the
motion entered is not supported by affidavit, and is not admissible as
evidence under 56 (c)(1)(A)(B),(c)(2)&(4).


2. **Rule 8 has been ignored.**

"(b) Defenses; Admissions and Denials.

(1) *In General.* In responding to a pleading, a party must:

(A) state in short and plain terms its defenses to **each claim asserted
against it; and** (B) **admit or deny the allegations asserted against it
by an opposing party.**(2) *Denials—Responding to the Substance.* **A denial
must fairly respond to the substance of the allegation.**(6) *Effect of
Failing to Deny.* An allegation—other than one relating to the amount
of damages—**is admitted.."**


3. **Legal maximum, he who does not deny admits.**    "Admissions?
allegations **not denied are deemed admitted.** Denials? those allegations
properly denied are joined, meaning they are in dispute and ripe for
adjudication." CIVIL PROCEDURE SPRING 2003 – Professor Von Creel, OCU
Law School."


4. **"[f]ailure to contest an assertion . . . is considered evidence of
acquiescence . . if it would have been natural under the circumstances
to object to the assertion in question."** *United States v. Hale,* 422
U.S. at 422 U. S. 176." **"Silence in the face of accusation is a**

1

relevant fact not barred from evidence by the Due Process Clause.
*Adamson v. California,* 332 U. S. 46 (1947); *United States ex rel.
Bilokumsky v. Tod,* 263 U. S. 149, 263 U. S. 153-154 (1923); *Raffel v.
United States,* 271 U. S. 494 (1926); *Twining v. New Jersey,* 211 U. S.
78 (1908). *See also* **United States v. Hale, 422 U. S. 171, 422 U. S.
176-177** (1975); *Gastelum-Quinones v. Kennedy,* 374 U. S. 469, 374 U. S.
479 (1963); *Grunewald v. United States,* 353 U. S. 391, 353 U. S. 418-
424 (1957)."

5. Let the record show, the defendants were not able to state or
rebut the claim that the amended declaration preamble with signature
cards in question are not false under oath affirmation; a dismissal
for summary determination is not possible under Rule 12(b)(6). The
motion entered for dismissal by the joint defendants, is not supported
by Prima Facie evidence that could allow for a dismissal. Let the
record show, the accused parties have not provided prima facie
evidence by oath affirmation, which could contradict the claims,
brought by us the Plaintiffs under the Rules of Perjury. As far as the
defendants claiming we do not have subject matter Jurisdiction claim
under 12 (b) (1), **is wholly false**.

**Jurisdiction**

5.    Subject matter jurisdiction is based on federal question
jurisdiction because we the plaintiffs have brought claim under 18
U.S. Code § 880,18 U.S. Code § 1621, 18 U.S. Code § 1622, 42 U.S Code
1981, 42 U.S. Code § 1985 & 1986, U.S. 18 U.S Code § 242, 18 U.S. Code

2

§ 4 and 18 U.S Code § 1962(d) under the Racketeering Influenced Corrupt Organizations Act.

6.   The District court, shall have original jurisdiction under 28 U.S.C. § 1331, under Art. III, Sect. 2, subsection 1 of the Constitution, the **Contract Clause**, the **Commerce Clause**, the **13 amendment**, and the due clause of the US Constitution, for we have shown and claimed on the record, property was converted unlawfully through on constructive fraud, **without consideration**.

7.   Supplemental jurisdiction under the common law: our record's are proper under **28 U.S.C. § 1367**. See, Act March 3rd ,1875, 18 Stat. 470. Ex parte Thistleton, 52 Cal. 220. Hahn v. Kelly, 34 Cal. 391, 94 Am. Dec. 742, per Sawyer, J., concurring. See infra, §§ 26-28, as to records. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J.  See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689.

8.   The **Commerce Clause** of the United States Constitution gives the District Court primary jurisdiction over the States in commerce, across states lines in equity. The fabricated contract on the record is the source of the impairment of commerce across state lines. Our homes are being held hostage under a cloud of title, **under the color of law**. It was this document, which created the Rico enterprise, and by reentering on the court record with the same signer signature cards, is against the prima facie evidence presented in our

3

Affidavit's; its fraud on the court.

9.    The primary Job of the federal government is to make sure commerce is operating properly, and it is not, there is a problem. The penalties for impairing commerce are server. The District Court has jurisdiction across state lines under the commerce clause of the United States Constitution, and it has jurisdiction under Equity Article III sec 2, subsec 1. The defendants' of the EHOA are in breach of our contract in equity. We have shown the witness testimony of Mary Ann Bachelor, is perjury on the record, uncontested; **its false witness testimony**. The testimony is false; thou shall not bear false witness.

10.    Let the record show the District court has jurisdiction based on Claim 22 in the second amended complaint, fraud on the court, **introduction of fabricated evidence,** for it's a federal offense to enter fabricated evidence with the intent to mislead. It's our cause of action and relief can be granted based on this claim alone, along with Mary Ann Bachelor false witness testimony.

11. Let the record show claim 24 is uncontested. We claimed in the court of record document tab B: According to 37 Am Jur 2d at section 8, in part states: **"Fraud vitiates every transaction and all contracts."** [Even judgments based on fraud.] "   Claim 24 is cited from our Court of Record document and is uncontested under rule 8.

12. Let the record show Claim 25 has gone uncontested as well.

4

"We claim 37 Am Jur 2d at section 8 is a MAXIUM."

13. Claim 20 and 21 is un-rebutted, that "..concealing this material to impede the courts conclusion, is equivalent to being false or FRAUDULENT REPRESENTATION." A party is bound by good faith too disclose all facts of a case or a contract; claim 21.

14. We have proven on the record with un-contradicted prima facie evidence that we are the **lawful owners** of the properties. The defendants' are trespassing on **Private Property**.

15. Let the record show claim 266 is un re butted that we gave the defendants an opportunity to object to the fabricated nature of the amended declaration in open court. That I Demetrio's Markou was able to hold the preamble of the amended declaration high in the air with my right hand and proclaim it was **false with no objection from the parties**.

16. Let the record show, that we were able to assert on the court record, that we are the owners of the properties, without objection. There was no objection, because it's the truth.

17. **Rule 201. Judicial Notice of Adjudicative Facts**
**(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
**(1)** is generally known within the trial court's territorial jurisdiction; or

**(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.**
**(c) Taking Notice.** The court:
**(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.

**Definitions from Blacks LAW 5TH edition sec 18-23.**

18. **Fabricate: To invent;** to devise falsely. PAGE 530.

19. **Fabricated evidence:** Evidence manufactured or arranged after the fact and wholly false or else warped and discolored. … Such evidence may be wholly forged and artificial, or it may consist in so warping and distorting real facts, as to create an **erroneous impression as true and genuine.** See also deceit or fraud, which we define in our instruments. PAGE 530.

20. **Fabricated fact:** in the law of evidence, a fact existing only in statement without any foundation of truth. An actual or genuine fact to which a false appearance has been designedly given.. PAGE 530.

21. **Fact:** A thing done; an action performed or an incident transpiring: an actual occurrence, **an actual happening in time and space** or event mental or physical. PAGE 530.

22. **Evidence:** A circumstance, event or occurrence as it actually takes or took place; a physical object or appearance, as it usually or existed. An actual and absolute reality, as distinguished from mere supposition or opinion. A truth, as distinguished from fiction or Error. …

6

23. **Judicial notice under Rule 201: Prima Facie evidence:** Evidence
good and sufficient on its face, such evidence as, **in the judgment of
law,** is sufficient to establish a **given fact,** or a group or **chain of
facts** constituting the parties claim or defense, and if not rebutted
or contradicted, will remain sufficient. **Prima Facie evidence is
evidence which unexplained or uncontradictid, is sufficient to sustain
judgment in favor of the issue which it supports.** Prima Facie evidence
is evidence that, until its effect is overcome by other evidence, will
suffice as proof of the fact in issue; **"prima facie case" is one that
will entitle party to recover if no evidence to the contrary is
offered by the opposite party.** Ducan v. Butterowe, Inc. Tex.Civ.App
474 S.W.2d 619,621. Evidence which suffices for proof of a particular
fact until contradicted and overcome by other evidence. Evidence
which, standing alone and unexplained, would maintain the proposition
and warrant conclusion to support which it is introduced. An
inference or a presumption of law, affirmative or negative of a fact,
in absence of proof, or until proof can be obtained or produced to
overcome the inference. Black's law 5th edition pg. 1071.

**Case law for uncontested affidavits 24-50.**

24. **Judicial Notice from the 7th circuit** "...a pleading cannot satisfy
the evidentiary burden. We agree. A counterclaim is the functional
equivalent of a complaint, and "[a] complaint, ... no matter how
detailed, is **not evidence.**" LaSalle Bank Lake View v. Seguban, 54 F.3d
387, 391 (**7th Cir.1995**) (quoting National Acceptance Co. of America v.

7

Bathalter, 705 F.2d 924, 930 **(7th Cir.1983))**" MILLER v. UNITED STATES, 150 F.3d 770 (**1998**)

25. **Judicial Notice,** the Supreme Court decided: Trinsey v Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647. "Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment."

26. "Where there are **no depositions, admissions, or affidavits** the court has no facts to rely on for a summary determination." Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.

27. Group v. Finletter  108 F.Supp. 327
**"Defendant has filed no counter-affidavit,** and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff **must be considered as true.."**

28. **Judicial Notice:** United States v. Kis, 658 F.2d 526, 536-37 **(7th Cir.1981),** cert. denied, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982) - **"an affidavit is the highest form of prima facie evidence, and is all that is needed ..."**

29. "Indeed, no more than (Affidavits) is necessary to make the Prima Facie Case." -- Cert Denied, 50 U.S. L.W. 2169; S.Ct. March 22, 1982."
30. "Uncontested Affidavit taken as true in support of Summary Judgment." -- Seitzer v. Seitzer, 80 Cal. Rptr. 688

8

31. *Morris v National Cash Register*, 44 S.W. 2d 433
**"Uncontested allegations in affidavit must be accepted as true."**

32. **Judicial Notice:** Morris vs. NCR, 44 SW2d 433 Morris v National
Cash Register, 44 SW2d 433: **"An Affidavit if not contested in a timely
manner is considered undisputed facts as a matter of law."** Our
affidavits with Warren Spencer's affidavit from 2015 went unanswered
in 2015, and they go unanswered in 2017.

33. Melorich Builders v. The SUPERIOR COURT of San Bernardino County
(Serbia) 207 Cal.Rptr. 47 (Cal.App.4 Dist. 1984) **"Uncontested
Affidavit taken as true in Opposition of Summary Judgment."**

34. "Uncontested affidavit" moved the court to hear the case. United
States v. Lopez, No. 07-3159 (10th Cir. 03/04/2008).
35. ..."finding uncontested affidavit of debtor's attorney that he
provided telephonic notice of debtor's bankruptcy case sufficient to
hold creditor in violation of § 362(h)." Johnson, No. 05-8089 (10th
Cir. 08/28/2007).

36. "According to the uncontested affidavit of Dennis Farrington..."
Kazmaier v. Wooten, 761 F.2d 46 (1st Cir. 04/30/1985).
37. "Whether or not Thrift now has the original prescription forms
submitted to UPA for reimbursement, Thrift submitted an uncontested
affidavit stating that, as with Thrift's other claims, UPA failed to

9

pay for the $3,456.07 owed to Thrift upon Thrift's submission of the original claim forms." Thrift Drug Inc. v. Universal Prescription Administrators, 131 F.3D 95 (2d Cir. 12/11/1997)

38. "The district court relied on the uncontested affidavit of Robert A. Michlik.. In re Syntex Fabrics Inc., 698 F.2d 199 (3rd Cir. 01/19/1983)."

39. "This motion was supported by an uncontested affidavit detailing that de Santibanes had essentially no contacts…"Lolavar v. Santibanes, 430 F.3d 221 (4th Cir. 12/01/2005).

40. "According to their uncontested affidavit...." Carmichael v. United Technologies Corp., 835 F.2d 109 (5th Cir. 01/07/1988).

41. "On the basis of this uncontested affidavit, **we can take it as established,** for **summary judgment** purposes, that the bank records were reasonably available." Barrett v. United States and Internal Revenue Service, 795 F.2d 446 (5th Cir. 07/28/1986).

42. "The uncontested affidavit of Stevenson's vice-president established that..." Albertson v. Stevenson, 749 F.2d 223 (5th Cir. 12/26/1984).

43. " The uncontested affidavit establishing appellant's reform or.. " Bonet v. United States Postal Service, 712 F.2d 213 (5th Cir. 08/19/1983).

44. "The unrebutted affidavit of a MetLife representative establishes..." Justofin v. Metropolitan Life Insurance Co., 372 F.3d 517 ( 06/25/2004).

10

45. Butz v. Economou, 438 U.S. 478, 495, 98 S.Ct. 2894, 2905, 57 L.Ed.2d 895 (**1978**) "**official immunity does not abolish the liability of officers for actions manifestly beyond their line of duty.**" "Purpose of statute that mandated any person who under the color of law subjected another person to deprivation of his constitutional right's would be liable to the injured party in an action at law was not to abolish immunities that were available at common law, but to ensure that federal courts would have jurisdiction of constitutional claims against state officials." **The amended declaration preamble is under the color of law.**

46. **Judicial Notice Supreme Court Case:** "The innocent individual who is harmed by an abuse of governmental authority is assured that he **will be compensated for his injury.**" "**Officers of the Court have no immunity, when violating a constitutional right, from liability, for they are deemed to know the law.**" Owens v. City of Independence, 100 S.Ct 1398 **(1980) see also** Maine v. Thiboutot, 448 US 1, 100 S. Ct. 2502 Hafer v. Melo, 502 US 21

47. " ...If one individual does not possess **such a right over the conduct of another , no number of individuals** [in a deliberative body] **can possess such a right.** All combinations, therefore, to effect such an object, are injurious, not only to the **individuals particularly oppressed,** but to the **public at large**". People v. Fisher, 14Wend.(N.Y.) 9, 28 Am.Dec. 501

11

48. "This is the greatest testament of the legal system to assure **continuity, consistency and fairness.** The judicial system must respect the past and to **adhere to these precedents** and not unsettle things which are established. (Ballard County v. Kentucky County Debt Commission, 290 KY 770, 162 S.W.2d 771, 773)."

49. "stare decisis et non quieta movere" which, according to Black's Law Dictionary, means "[t]o adhere to precedent and not to unsettle things which are established". As found in Black's Law Dictionary, Fifth Edition (1979), page 1261, citing Ballard County v. Kentucky County Debt Commission, 290 Ky. 770. (1942), 162 S.W.2d 771, 773. et al.

50. Let the record show, Allan Goldberg, Jenifer H.Carcacciolo, Remo Turano, Mary Ann Bachelor,Daniel Noonan, Charles Englund,John Bernacchi, Greg Gilbertson, Marsha Hunter, James Schulte, Daniel J. Nolan, Luke P. Sheridan, have not provided witness testimony under oath affirmation, **to rebut the claims in the second amended complaint, based on the Court Of Record document which is sworn under the rules of perjury, the notarized petition for the rehearing, Warren Spencer's affidavit, John Markou's affidavit, Evmorfia Markou's affidavit, Demetrio's Markou's Affidavit's, Patricia's Hataburda affidavits 2015 & 2017, and Keith's Schuth affidavit.**

51. **Claims 1 through 26** are based on the fraud on the court,

12

insertion and deletion of matter from the amended declaration preamble. The deletion of matter changed the scope of the instrument, and this claim has gone uncontested. The defendants named have not gone on the record under oath to rebut the claims that the amended declaration preamble is fabricated, see claim 14 15 and 16. We have proven on the record the amended declaration is not pursuant to article VII section 1 of the organic declaration because of the **insertion and deletion of matter.**

52. **Take judicial notice** that the bold face letters in claim 7 represents matter that was deleted from the amended declaration preamble. Tab C is John's affidavit. These claims are supported in all our affidavits on the record from 2015, and by Demetrio's Markou Affidavit **Tab J.**

53. Claim 7. " We claimed page 8, sec 12, tab C, that they the HOA: …left out the most critical important part to that paragraph in the amended version, what it should have read, according to the Original Declaration [article VII sec 1]..

"Provided, however that no such agreement of change shall be effective unless made and **recorded one year in advance of the effective date of such change,** and unless a written notice of the proposed agreement is sent to every owner at least 90 days in advance of any action."

54. Claim 76. "We claim the statement in amended declaration preamble

13

"sent to every owner at least 90 days in advance of any **action taken by the Owners**" changes **the scope** of their instrument as it stands."

55. Claim 77. "We claim that the action **is not** on the **owners** to do **anything,** that **the action would be on the HOA to act** and **record the instrument one year in advance** after such **Notice is given at least 90 days in advance.**"

56. Claim 49. We claimed in Tab C page 4 section 6 that: "Article 7 page 12 and 13 of the Declaration states the duration of these time limited covenants was [a] 20 year period, after which time, the declaration will be extended for another 10 years automatically. Unless an actual Legal Instrument was signed and agreed to by "the **then Owners of two thirds of the lots**"..

57. Claim 50. We claimed in Tab C page 4 section 6 " The meaning by the **then owners of 2/3 of the lots,** is when the 20 year period was up in 1997…"

59. Let the record show, claim 7 , 49, 50, 76, and 77 has gone uncontested by the Defendants of the EHOA, and by Jenifer H.Carcacciolo with Allan Goldberg who is the primary author of the fabricated instrument shown in exhibit A tab A, uncontested claims 1-26. Let the record show, the defendants re-entered the amended declaration into the Districts Court Record, and has ignored to

14

address claims 1 through 26 under oath to rebut our claims brought in our affidavits.

60. Let the record show Elizabeth Ann Thomson on Page 6 of her motion, is fraudulently representing the Appellate Courts Decision, what is she saying, that they affirmed a fully drawn forged instrument? The Appellate court relied on the defendant's falsely amended declaration, with false testimony. Even though we had our Declaration present on the record which rebutted defendants claims and testimony given, that we claimed in the petition for rehearing the court must of overlooked this evidence by mistake; **page 10 sec 22, of the Appellate decision, stating, defendants showed through evidence they provided the court, attached to their motion, an amended declaration with exhibits, that the defendants showed it was properly adopted, via article VII sec 1; that this justified the dismissal.** We the plaintiffs had shown on the record **evidence that could not be rebutted under rule 201 (2)** that our organic Declaration **had a one year window,** in the petition for rehearing, that the amended declaration preamble was falsely created, by insertion and deletion of matter from article VII sec 1 to hide the fact the declaration **already extended,** and they took 6 years to file with the state in 2004, its closed a long time ago. This was the reason for the insertion and deletion of matter, to cover these inconvenient facts up. By showing this on the record, we showed Mary Ann Bachelors testimony was false, that we claimed the defendants perjured themselves pg 7 sec 2 , they failed to prove they gave proper notice, and failed to meet the one

15

year time line, page 13, sec 12 petition for rehearing. **We stated, now that fraud has been discovered, this is a new cause for action pg 13 sec 2.** Also see page 9 sec 20 of the judgment order, were the Appellate court cites the amended declaration preambles wording, citing owners **at least 2/3** of the lots signed from their amended declaration. This is not the correct wording; this is the correct wording **"by then owners of two-thirds of the lots"** May 10, 1997 the clock started, they filed in 2004. The entire context of article VII sec one was left out in the Appellates decision, which changed the entire scope of the defendant's **false instrument.**

**Article VII sec one:** "….for a term of 20 years from the date this declaration is recorded, after which time said covenants shall be **automatically extended** for successive periods of 10 years un-less an instrument **signed by then owners of two-thirds** of the lots has been recorded agreeing to change said covenants and restrictions in whole or part; provided, however no such agreement of change shall be effective unless made and **recorded one year in advance of the effective date of such change".** It already extended May 10 1998; they failed to record an instrument on that day, they recorded it in 2004. We proved our case in the record in the petition for the rehearing. We asked for a rehearing based on the **concealment of this evidence. It is fraud on the court claim 23, introduction of fabricated evidence, with the Perjury.** Claim 21. We claimed on page 21-22 sections 28 of Petition for the rehearing: "… a party is bound in good faith to disclose all facts of a case or a contract…"

16

61.  The circuit court relied on the information provided to them,
even though we had our Declaration in equity on file which rebutted
Mary Ann Bachelors false testimony. We the plaintiffs were defrauded
through no fault of our own based on these false documents in writing.
Let the record also show, the court relied on Mary Ann Bachelors false
testimony citing the common law **page 8 sec 15** of the appellate
decision; she bore false witness testimony against us, testimony that
has been contradicted by the **organic Declaration on the record.** Again,
**we had the original Declaration in equity on file as uncontestable
evidence.** I invoke rule 201, the Declaration already extended
May 10 1998, when the Defendants filed the amendments in 2004.  The
defendants started **May 29, 1998, and filed in 2004.**


62.  We the plaintiffs brought the claims of fraud on the court, and
the claims of perjury in a timely manner in the petition for the
rehearing. We proved it on the record in the petition for the
rehearing. We had shown in the petition for the rehearing, the
defendants had a contractual obligation to follow our declaration in
equity. Maxims of equity apply; truth is sovereign in commerce.
Misrepresentation of the material facts is grounds for rescission in
equity. When it comes to the common law, and the rules of equity;
maxims' in equity and private trust law shall always prevail. **Our
proof was and still is our contract in equity on the record.**
Impairment of the obligations contracts is prohibited under the
contract clause of the US Constitution. To keep perpetrating the fraud

17

is to keep us, in such a condition, under the federal statute definition of involuntary servitude.

63. We had shown on the record fabricated evidence was entered into the circuit court as well as into State records. **We the plaintiffs were defrauded by false documents in writing, through no fault of our own.** We have proven the defendants could not change the nature of our property rights to create an area of common interest, even if the amended declaration was properly amended in 1997. See Article VII sec 1 and **Article VII Section 4 page 13 and Article III Page 5 section 2.** "..provided that no such modification shall change the substantive provisions of this Declaration or any Supplemental Declaration or materially alter the rights of any Owner established by any such document". "In no event shall any such supplementary Declaration revoke, modify or add to the covenants established by this Declaration **with respect to existing properties in any manner** which **would substantially alter the scheme of this Declaration.**" This means a common interest area could not be created period, we are the owners.

64. Let the record show, the Appellate court relied on the signature cards, which we showed in the petition for the rehearing not to be notarized and that they were undated on the record. These cards do not meet black's law definition of a legal instrument for the transfer of property rights, claims 42-44, first claimed in the Petition for rehearing. We also proved since, the signatures in question have not been attained voluntarily, but under solicitation of gifts, Claims 98-

18

107. Again, we have proven on the record that these signature cards were procured by solicitation of gifts, **candles** exhibit D tab A, and were not **voluntary acquired** as Mary Ann bachelor claimed in her Testimony Tab A exhibit I, see claim 67. A contract was never disclosed to the parties. The defendants could not show on the record a form a consideration for the transfer of property rights in an area of common interest, claim 41 and 96. In the Petition for rehearing we cite c and g of civil procedure was violated, after discovery our attorney was blocked from speaking or from being able to add evidence, he got shut down. The circuit court did not let him add the evidence that we now have on file after discovery. See, Holland v. Jackson, 542 U.S. 649 (2004).

65. Let the record show, the defendants re-entered these signature cards into the District court record exhibit A of there motion, without rebutting Warren Spencer's Testimony, which makes it a new offense that straddles the old and new law.

66. Let the record show Warren Spencer's un-rebutted Affidavit exhibit H, shows the signature cards in question exhibit X tab A, to be same signer for each household, and again do not meet the definition of a blacks law instrument, see claims 42-44 and claim 91. Let the record show, Warren Spencer's affidavit destroys any argument for then owners 2/3s of the lots signed voluntary in 1997 or early in 1998, or even at least 2/3s of the lots signed to be true. Let the record show, Warren Spencer's Testimony stands as truth, and is uncontested, but that did

19

not stop the defendants from reentering said signature cards back on the District Court Record; its fraudulent representation, and volition of rule 8, and rule 56. Let the record show, the false same signer signature cards are sitting at the Cook County reorders of deeds, along with the fabricated document known as the amended declaration preamble. Page 3, of the amended declaration shows, Mary Ann Bachelors and James Schulte signature, for the restated amendments, stating owners of at least 2/3s of the lots agreeing to change convents, and that notice was sent out at least 90 days in advance. This is a false signed document on the record, designed to mislead. Final notice was given in 2000, not in 1997, exhibit C tab A. Let the record show, this document on page 3, is undated, and cannot be considered a blacks law legal instrument. Claims 69-83. The organic Declaration called for a legal instrument to be signed.

67. Claim 268. "We claim nobody objected, when I Demetrio's Markou held up, the Kestios signature card, asserting even to the untrained eye, you can see it is most likely the same signer." Well now, it is a legal fact, because Warren Spencer's affidavit has gone uncontested. Let the record show, the Defendants entered the fabricated signature cards back into the court record. Not to forget to mention, John Markou's signature is false, and it was used as a legal instrument for the unlawful transfer of our private property, from a single family owner to owners in common interest, done under the color of law. Is it false? And can it be used to fool somebody else? Yes and yes. His signature was procured by solicitation of gifts, my mom Eve Markou was

20

told to sign his name, in a welcoming, see uncontested claims 83-97. Keith signature was procured by James Schulte, president of the HOA at the time. Keith signature was procured under the influence of alcohol, and a contract was not disclosed to him at any time; this is an uncontested claim's 97-98.

68.    To obtain these cards, the EHOA used fraud in the inducement, claim 81. Let the record show, **Mark Szerzinki** former board members hand written testimony Tab A, exhibit K claim 47, is directly testifying against the EHOA, how the EHOA used coercion to obtain these undated un-notarized signature cards past the time line allowed by our Declaration.

69.    The defendants of EHOA in order for them to realize their scheme needed a method to get around Article VII section 1. It was Allan Goldberg of Arnstein and Lehr who fabricated the amended declaration by insertion and deletion of matter for the EHOA, in order that it would **appear** to comply with **Article VII section 1 of the organic Declaration.** In doing so, it created the Rico enterprise, based on false documents in writing. See claims **168,173,174,** these claims have gone uncontested, and are based on the court of record document, which is under the rules of perjury. Tab A, Exhibit A. See Uncontested claims 1-26.

70.    The un-rebutted claims that have arisen from the final notice letter sent in 2000 tab A exhibit C claim 199-200 & 205, stated that

21

their organize Association-in-fact enterprise is to be "Viewed as mandatory", and if we don't comply, or pay them, it would be considered a Default on our homes, this is based on threats of the legal system. This is even before any amendments were fictitiously passed, which were not past until 4 years later. The language "Viewed as mandatory" for us to pay the Defendants' in the final notice letter, in the year 2000 without contract, violates "22 U.S. Code § 7102 – Definitions" 6 A and B for involuntary servitude, which in turn violates the 13th amendment. There was no agreement in place, fictitious or otherwise when they bullied us to pay them, or face default through the abuse of legal system. There is no way to spin this. **There was no agreement in place in 2000** when we were threatened with default on our homes if we don't pay; **its one count extortion, one count extortion in writing. Claim 287 is uncontested.** It's criminal and it can't be allowed to continue!

71. Our Contract in equity protects us, from the EHOA's voluntary conduct. Claim 208. "We claim all the fictitious obligations based on the altered instrument known as the amended declaration [preamble] is involuntary servitude under the 13 amendment as defined under 22 U.S. Code § 7102, 6 A and B, case# 2011 CH 009468."

72. The HOA could not create a common interest area period, our Declaration forbid it; the nature of property could not be altered even if they EHOA was successful in amending the declaration in 1997 within the one year time line allowed. See claim 30, these claims went

22

unrebutted. Claim 236: "We claim, the law in Equestrian Estates casted an obligation for the HOA to perform, that they were obligated by law to follow section 1 and section 4 of Article VII, and Article III, Page 5 section 2 of the organic declaration."

73. The EHOA had to lie to State Farm about the common area in Patricia case, because it was forbidden for any supplementary declarations to change the nature of our property rights via **Article VII Section 4 page 13 and Article III Page 5 section 2, see claims 31 and 32.**

74. Patricia's affidavit from 2017 Tab F Exhibit U, page 2 sec 2, case number 11 CH 21124, See **Tab A exhibit L, CLAIM 27 supported by Patricia's affidavits, 2017:** "Unlike a **condominium association,** the Association **does not own any common areas,** nor is it responsible to repair roof or paint exteriors."

75. Claim 29: ".... Article V C-6 sec g and Article VII section 7.3 of the amended declaration **directly contradicts** the statements made to State Farm about the ownership of a common area."

76. Claim 144. " We claim Patricia's attorney Mr. Murphy was paid the sum of **2500$** by the Equestrian Estates Homeowner Association. [See settlement agreement exhibit L Tab O, page 2 sections 2a second affidavit. This was first claimed in 2015, page 5, in Patricia's 2015 affidavit. Also the agreement can be found **Tab A exhibit M.**]"

23

77. Claim 151. "We claim the amount of 10k, was the settlement between State Farm and the EHOA exhibit M Tab A, page 2 sections 2b."

78. Claim 152. "We claim, 2500$ of the 10k was given to Mr. Murphy by the EHOA."

79. Claim 150. In fact we claim it is a brazen criminal act which constitutes a **predicate act** under Rico; **one count bribery.**

80. Claim 153. We claim the 10K payment to the EHOA from State Farm **proves** State Farms **participation** in a **criminal enterprise.**

81. **For case # 11 CH 21124** Tab A exhibit M page 2 a), we show on the record **the bribery** of a Mr. Murphy Patricia Attorney by the EHOA for the amount of 2500$. Sec b shows State Farm paid 10K, to the EHOA, and the EHOA used 2500$ of that money to bribe an officer of the court. Supported by, Patricia affidavit in 2015 and 2017. This fact is uncontested. **This bribery of an Officer of the court is fraud on the court!** Patricia's settlement agreement cannot be valid, when Patricia's attorney was bribed by the EHOA for the amount of 2500$, and her signature was procured under duress, during exparte communication. Patricia's provided the duress letter on the record, which is uncontested. Daniel J Nolan signed off on the 10k to the EHOA, in which 2500$ of that money went to pay off a Mr. Murphy. State

Farm directly participated in a Rico Enterprise. This payment to Mr. Murphy is professional misconduct for attorneys, **claim 203.**

82.    Let the record show, by not addressing the prima facie facts of the insertion and deletion of matter in the amended declaration preamble, and for not being able to rebut Warren Spencer testimony claim 91, the 3rd party fraud document expert, the defendant's re-committed fraud on the court, by reentering the false contract and the same signer signature cards as exhibits, with Mary Ann Bachelors and James Schulte recital document in the Amended declaration page 3.    The defendants entered fabricated evidence back into the court record. Its fraudulent representation for ignoring the claims supported under oath, and then reentering known fabricated documents; it's a felony for entering a known false contract with the same signer signature cards, based on uncontested 3rd party witness testimony.

83. Claim 14 is uncontested, that Allan Goldberg uttered a forge instrument. Claim 16 is also uncontested. Is it false? And can it be used to fool another person? Yes, to both!

84. Based on uncontested claim 245: "Silence can only be equated with fraud where there is a legal or moral duty to speak, or **where an inquiry left unanswered** would be **intentionally misleading. . .** We cannot condone this shocking behavior... **This sort of deception will not be tolerated and if this is routine it should be corrected**

**immediately."** -- U.S. v. Tweel, 550 F.2d 297, 299. (5th Cir. 1977) See also U.S. v. Prudden, 424 F.2d 1021, 1032, 1033 (5th Cir. 1977)

85. Morrison v. Coddington, 662 P. 2d. 155, 135 Ariz. 480. "Fraud and deceit may arise from silence where there is a duty to speak the truth, as well as from speaking an untruth." It's Fraud for not rebutting Warren Spencer's affidavit, along with non rebutting claims 1-26, then reentering, the same documents on the record.

86. McNally v. U.S., 483 U.S. 350, 371-372, Quoting U.S. v Holzer, 816 F.2d. 304, 307: "Fraud in its elementary common law sense of deceit… includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public,… and if he deliberately conceals material information from them he is guilty of fraud."

87. State vs. Coddington, 662 P 2d 115, 113 Arizona 480, Arizona App. " WHEN one conveys a false impression by **disclosure of some facts** and the concealment of others, such concealment is in effect a false and **FRAUDULENT REPRESENTATION** that what is disclosed is the whole truth and nothing but the truth."

88. Let the record show the defendants' named above, are in fact in direct conflict with title **15 sec 1** for reentering fabricated evidence. A false contract in writing, in this conspiracy was entered on the District court record; which it impairs commerce across state

lines; we cannot sell our homes to persons across state lines, because of a cloud of title on our homes, under the color of **law**. This fabricated document is impairing the obligatory rights demanded by of our Declaration in equity. It's doing so under the color of law; un-rebutted Claim 265 "We claim our **enjoyment of all benefits** and **privileges under our organic contract** is being impaired under the color of law.", see claim 263 & 264, that our properly rights have been converted from a single family owner to owners in common interest under the color of law, and without consideration. These claims are uncontested.

89.     This **known** fabricated document in question is impairing our Constitutional rights in equity, which is afforded to us under the US Constitution, Article III sec 2 sub 1. **Judicial Notice:** Impairment of obligations of contracts is prohibited under the **Contract Clause** of the United States Constitution, and this claim went un-rebutted in the second amended complaint. It also violated the due process clause, for property was converted without consideration.  Claim 41. " We claimed on page 16, sec 26 sub 2 Tab C that: To actually give up property rights, **there must be a form of consideration. A fair value trade**, which there **was none**!"

90.     Let the record show the perjury claims of fraudulent representation by Mary Ann Bachelor has gone uncontested. Claims 59-67.  She has not gone back on the record **to deny under oath affirmation**. The organic declaration **automatically extended**, May 10,

1998, that there is no evidence that proper notice given, such **by then owners 2/3 of the lots did** not agree or sign a proper legal notarized instrument in 1997 or early 1998, that we proved the amended declaration was not recorded within the one year window, which was set by Article VII sec one. It was recorded 6 years after our Declaration automatically extended under article VII section one. This document was filed with the State of IL, in the Cook counties recorder of deeds office in 2004.

91. Let the record show, Tab A, exhibit D, the EHOA board meeting, shows the signatures were **attained by solicitation of gifts,** candles, claim 99-107, are un-rebutted. That Mary Ann Bachelor **certified they were attained voluntarily,** which we have shown to be false on the record via uncontested **Claim 66.** Claim 100. Eve claimed on page 1 sec 2 Tab D representatives from HOA: "They were holding gifts, I believe it was candles.." Claim 101. We claim the document EE_001034 shows solicitation of gifts in a welcoming; **candles specifically.** Claim 96: The defendants' of the EHOA had a duty to speak to disclose all information of a contract. Let the record show, the signatures were **procured by Fraud in the inducement,** page 2, section 4, John Markou's affidavit, Claim 83. Why did you ignore these claims? How dare you induce my mom with gifts to have her sign my father's name for your scheme! And now you refuse to answer the claims for it. It's dishonorable.

92.    Let the record show the subornation of perjury has not been rebutted by Allan Goldberg or by Jenifer H.Carcacciolo under oath affirmation, claim 68. Let the record show, we the plaintiffs never brought suit against State Farm, O'Hagan Meyer, or Arnstein & Lehr. That it is not possible to dismiss these actors.  Allan Goldberg and Jenifer H.Carcacciolo are responsible for Mary Ann Bachelors testimony, and Allan Goldberg is the author of the amended declaration.

93. The amended declaration preamble cover can be viewed in Tab A exhibit A. Also it was present in Keith's affidavit from 2015, Tab E exhibit B, and is in Patricia's Affidavit from 2015 Tab F exhibit R. Tab O shows the proof of service to the Defendants' for Keith's Instrument. Tab A exhibit R, shows proof of service for Patricia's affidavit. The defendants had 30 days to answer Patricia and Keith's claims of fraud, they failed to do so. The terms of the agreement was 30 days for the defendants to answer the allegations asserted in both Patricia and Keith's affidavits sent in 2015. **It is latches**. Acquiescence with voluntary conduct is why they defaulted. Claim 307 "We claim there is an "EQUITABLE ESTOPPEL" in place here, which protects us the plaintiff's from being further harmed by the defendant's **voluntary** conduct." Claim 308. "We claim **Voluntary conduct** may be an **action, silence, Acquiescence,** or **concealment of material facts**." See uncontested claims 219-249 for the non action to our instruments in equity sent to the parties in 2015.

94.   Let the record show, Eve and John Markous affidavits, have gone uncontested, that we gave the defendants a timely manner to answer our claims for our 2015 affidavits. Proof of service to the defendants for the Affidavits and Court of record document can be under Tab K, Demetrios Markou's uncontested affidavit. Also see tab J, Demetrio's Markous, uncontested affidavit, showing the insertion and deletion of matter from the amended declaration. It also describes the same singer signature cards, with the solicitation of gifts and that we gave proper Notice to the defendants. Tab I, shows the outstanding invoices on the record; the default claims went uncontested. See claim 298-299, and 238-249. As far as the Misprision claims, they had knowledge of the facts.

95. Claim 189. "We claimed in the court of record document that Tab B: We gave you [the parties] a timely manner to answer all claims made, instead you choose to ignore them.."

96. Claim 190.  "We claimed in the court of record document Tab B in reference to the HOA: We were waiting for a response, instead of rebutting our claims in a timely manner, your organization stayed silent once again! Were you had a **duty to speak**!" Claims 219-226 show the default for claims brought in the court of record document.   The court of record document stands as truth.

97.   **Judicial Notice**: Morris vs. NCR, 44 SW2d 433 Morris v National Cash Register, 44 SW2d 433: **"An Affidavit if not contested in a timely manner is considered undisputed facts as a matter of law."**

98.   Legal Maxim he who leaves the battle field first looses by default. We the plaintiffs never left the field.

99. "Claim 174.  We claimed in the court of record document that the treasury report from October 2005 shows investment into further of an enterprise, that it shows the purchase of an out lot, known as the common area; this document is present under Tab B exhibit B. Also **Tab A, Exhibit B**."

100.   Let the record show, the Markou family sent a default notice, called the court of record document under the rules of perjury, informing the defendants they have defaulted on all the claims made in 2015, based on voluntary conduct, for the EHOA sending bills of unlawful debt. This was after we informed the defendants of fabricated evidence which was entered into State and court records. Claims 179–196 and claims 219-226 are uncontested based on the court of record document. Let the record show, all the claims based on the court of record document stands as truth claim 193, based on voluntary conduct of the parties. Tab K shows Demetrio's Markou's affidavit of the personal service for the Markous family's 2015 affidavits and service for the court of record document, Tab K exhibit C and D show personal service for the court of record document.

31

100. We accused the parties in the court of record document tab B, that their organized Association enterprise is holding our home in lien as hostage trying collect unlawful debt, **we define pattern racketeering in the court of record document**, and we define what actual notice is from black's law dictionary. We provided the treasury report for the legal entity of "THE EQUESTRIAN ESTATES HOMEOWNERS ASSOCIATION", in which we have proven on the record the treasury report shows investment of into further of an enterprise, and it shows the purchase of and out lot, known as the common area. We have shown in the Court of Record Document, the 2016 and 2017 bills of unlawful debt after the fact when we informed the parties of fraud, and introduction of fabricated evidence, in the circuit court record in 2015, claim 191. We had shown a letter that was sent to us on May 9 2017, in which we claimed in the court of record document, is one count extortion, one count extortion in writing. **Tab A exhibit P**, shows the extortion letter sent in the court of record document, with 2 bills of unlawful debt sent after the court of record document was received by the defendants claim 283, the letter was based on an economic threat. The threat was executed for the amount of 100 and 250 dollars.

101. Claim 173 is uncontested. "We claimed in the court of record document Tab B: "The HOA is interfering with interstate commerce, that we are prohibited from selling our homes to parties out of state, because of false lien documents on our homes." Uncontested claim 175.

We claim all the expenditures used, in the treasury report count as investment into an enterprise, not just the out lot purchase, a **total of 33 counts**. Tab A exhibit B.

102. Claim 196 "We claimed in the court of record document under Tab B exhibit I, the letter that the HOA sent to the Markou family on **May 9, 2017,** is one count extortion, one count extortion in writing by economic threat. Also to be found **Tab A, exhibit P**." Claim 197. We claim Exhibit C Tab C: The Final Notice dated Jan of 2000, identifying marker EE_001022 is **one count extortion, one count extortion by economic threat. Tab A exhibit C.**

103. Claim 290. " 18 U.S Code § 880 - Receiving the proceeds of extortion" Claim 291. "We claim in the Treasury Report Tab B exhibit D shows there are **16 counts** of proceeds received by extortion by the EHOA." Claim 292. "We claim the Treasury Report in the court of record document has been accepted by voluntary conduct." Claim 293. "We claim there is one count proceeds received by extortion, Tab C exhibit J, Eve's Check to the HOA in 2010." Claim 294. " We claim Eves Check has been accepted by default." Claim 295. "We claim for Keith there are 12 counts of proceeds received by extortion by the EHOA, Tab E, exhibit I. Also Tab A exhibit Z is where his bills can be found." Claim 296. "We claim the evidence under Tab E exhibit I, has been accepted by default." Let the record show, these

claims have gone uncontested under rule 8.

104. Uncontested claim 247. "We claim, since actual notice of fraud was brought home to the parties in 2015, they had knowledge of the facts, and since then, **new offenses have occurred which straddle the old offenses**." "Salinas v. United States, 522 U.S. 52, 65 (1997)("conspiracy is a distinct evil, dangerous to the public, and so punishable in itself"); United States v. Felix, 503 U.S. 378, 390 (1992)("[T]he commission of the substantive offense and a conspiracy to commit it are **separate and distinct offenses** ... [a]nd the plea of double jeopardy is no defense to a conviction for both offenses"); United States v. Munoz-Franco, 487 F.3d 25, 55 (1st Cir. 2007)("For 'continuing offenses' such as the bank fraud and conspiracy charges at issue here, however, the critical question is when the conduct ended. As we have explained, where a 'continuing offense' straddles the old and new law ... applying the new is recognized as constitutionally sound. In other words, **a conviction for a continuing offense straddling enactment of a statute will not run afoul of the Ex Post Facto clause** unless it was possible for the jury, following the court's instructions, to convict 'exclusively' on pre-enactment conduct")

105. Conspiracy to interfere with civil rights, and actions neglect to prevent, claims 269 to 281, have gone uncontested, based on the exhibits, A, C , D, E, F, G, k,O, UNDER TAB A. Let the record show, these claims were uncontested since 2015. See claim 157 for State Farm

34

action neglect to prevent. Based on claims 108-160. Let the record show, we brought claims, acting under the color of law to deprive us of our property rights, in 2015.

106. "From the terms of RICO, it is apparent that an association-in-fact enterprise must have at least three structural features: **a purpose, relationships** among those associated with the enterprise, and **longevity** sufficient to permit these associates to pursue the enterprise's purpose. As we succinctly put it in *Turkette*, an association-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." 452 U. S., at 583. "Boyle v. United States, 556 U.S. 938 (2009).

107. Claim 272. We claim Tab F exhibit M first page shows the HOA stated in part that our declaration was outdated and counterproductive, which shows the intent and civil conspiracy against the homeowners in Equestrian Estates to convert our property rights from single family owner, to owners in common interest were fines, assessments, upkeep and common expense can be charged. Also can be found **Tab A exhibit E.** See claims 271-277 and claim 99. See claims 11-14, we prove the purpose on the record. The Persons accused are board members, and are directly associated with the legal entity known, as the "THE EQUESTRIAN ESTATES HOMEOWNERS ASSOCIATION". This ordeal has been going on since May 28, 1998, Tab A, exhibit F.

35

108.    I was hoping Elizabeth would use this case "Boyle v. United States,  556 U.S. 938 (2009)"; it seems she did not read this case. Because, this is the case were bank robbers were engaged in a string of bank robberies, I already mentioned it on the record without naming the case, in hopes it would be used against us. Where are BOOKS Elizabeth in this case? Yes, a group can be an association-in-fact enterprise, but do they meet the distinction clause of 1962 C? I ask; where are books? The Rico act was designed for Pattern Racketeering in organized Crime; you always needed to produce the books on the record. I already asked on the record already, is this our case? As far as distinct persons, the treasury report shows the legal name on that document "THE EQUESTRIAN ESTATES HOMEOWNER ASSOSICAION", it shows the Association-in-fact enterprise, which purchased the out lot; the Appellate Judgment Order sec 7 pg 4 states incorporation in 1986. The parties accused from the EHOA are natural persons, and are **distinct** from the legal entity they are directly associated with. We meet the distinctness clause for 1962 C. Let the record show there is no witness testimony that contradicts these facts. Let the record show, we show the structure of the enterprise in our exhibits on the record, and this is uncontested by the defendants. Tab A, exhibit A, B,C,D,E and F. I invoke **rule 201 Judicial "NOTICE",** that we prove "THE EQUESTRIAN ESTATES HOMEOWNERS ASSOCIATION" purchase of an Out lot known as the common area for the amount of **20,325$.** This is an important fact, for they were forbidden from changing the nature of our property rights; **Article VII Section 4 page 13 and Article III**

**Page 5 section 2.**

109. "It is **well established** that when **individual officers or employees operate** and manage a corporation and use it **to conduct a pattern of racketeering activity**, they can be **held liable as distinct "persons" under §1962(c**). *See, e.g., Cedric*, 533 U.S. at 164-65; *Jaguar Cars, Inc. v. Royal Oaks Motor Car Co.*, 46 F.3d 258, 268-69 (3d Cir. 1995). Interestingly, this is true even when the individual person is the president and sole shareholder of a closely held corporation constituting the enterprise. *See Cedric*, 533 U.S. at 163 (finding distinctness requirement satisfied where boxing promoter Don King, the defendant **"person,"** was also the president and sole shareholder of the alleged **"enterprise"** corporation); *see also Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 263 (2d Cir. 1995), *cert. denied*, 516 U.S. 1996 (holding that "even if [a principal] owned **100 percent** of the shares of each corporation, **the corporations would be separately existing legal entities capable of constituting an association-in-fact enterprise.**") According to the **Supreme Court**, that is because: "[t]he corporate owner/employee, **a natural person**, is **distinct** from the **corporation itself**, a legally different entity with different rights and responsibilities due to its different legal status. **And we can find nothing in the statute that requires more 'separateness'** than that." *Cedric*, 533 U.S. at 163."

110.   The Cedric decision is consistent with the precedent set in 1906 in the ruling of Hale v. Henkel, 201 U.S. 43 (1906) already cited

early on the record, were it teaches us, there are legal differences, between a natural person, and an incorporated legal entity; that they are two different creators entirely. **"And we can find nothing in the statute that requires more 'separateness' than that."** *Cedric*, 533 U.S. at 163."

111. Claim 282 , that show all **8 elements** are present for a **federal prosecutor** to bring down an **indictment** under the Racketeering Influenced Corrupt Organizations Act. We claimed " RICO Act: (1) that defendant['s] (2) through commission of **two of the enumerated predicate** acts, (3) which constitute a **"pattern"** of (4) **"racketeering activity,"** (5) **directly or indirectly participates** in the conduct of (6) an **"enterprise,"** (7) the activities of which affect **interstate** or foreign commerce, and that (8) plaintiff was **injured** in his business or **property** by reason of such conduct." We defined **pattern** racketeering claim 178, from the court of record document. These are the predicate acts, and we have more than two. So it's a lie, that we did not plea them. We defined them claim 178, the offenses are in bold.

112. Claim 283. We claim the 2 counts of extortion based on unlawful debt, 2016, 2017 statements for the Markou family Tab B exhibits B & C, in the court of record document has been fully accepted by the parties through voluntary conduct. **Tab A exhibit Y.**

113. Claim 284. We claim the one count extortion one count extortion in writing based on the letter sent to the Markou Family May 9, 2017,

has been fully accepted by the parties through their voluntary conduct, the Tab B exhibit I. **Tab A exhibit P also.**

114. Claim 285. We claim the treasury report Tab B exhibit D, in the court of record document, investment into a further of an enterprise, which has **33** counts of investment into a further of an enterprise, has been accepted by the parties, through their voluntary conduct. **Tab A exhibit B, also.**

115. Claim 286. We claim Keith's **29 counts of unlawful debt** in his 2015 affidavit has been fully accepted by the parties, that the parties are in breach of the 30 day term limit set in his instrument.

116. Claim 287. We claim the one count extortion the one count extortion in writing, based on the **final notice letter** sent to the parties in our instruments in 2015, has been fully accepted as evidence by the parties. [This document was present in all our instruments in 2015.]

117. Claim 288. "We claim the one statement of unlawful debt in Patricia affidavit from 2015 Tab F exhibit Y for 1610 dollars has been fully accepted by the parties that the parties are in breach of the 30 day term limit set in her instrument."

118. Claim 167. "We claim the unlawful debt present in Patricia's Commercial instrument Tab O exhibit J; we believe the statements show

39

14 in total that go back to 2012, so a total of 14 counts of
extortion. The most recent, is **2016 and 2017**. Also can be viewed **Tab A**
**exhibit Q**." See claims Rico 196-197, 216-220, 222-226, 271, 173-195.


119. Let the record show, the defendants who are directly associated
with the legal entity known as "THE EQUESTRIAN ESTATES HOMEOWNERS
ASSOCIATION": Remo Turano, Mary Ann Bachelor, Daniel Noonan, Charles
Englund, John Bernacchi, Greg Gilbertson, Marsha Hunter, James
Schulte. Let the Record show THE DEFENDENTS ACCUSED; have not gone
under oath to deny their direct association with this Association-in-
fact enterprise "THE EQUESTRIAN ESTATES HOMEOWNERS ASSOCIATION". They
have not gone on record to deny board membership. Let the record show,
page 14, sec 17 of John Affidavits Tab C shows the names of the people
involved in the scheme. Let the record show Exhibit D Tab A, the EHOA
**board meeting** minutes EE_001034, shows the names of the Board Members.
Let the record Show, Tab A exhibit M, shows Daniel Noonan's name. Let
the record show Daniel Noonan was President at the time, when my
father John Markou, asked him to remove the lien on our home, since we
were paying him, and he said to John Markou, my father, NEVER! Even
though we were paying the extortion!! This claim is uncontested, claim
211. James Schulte induced Keith to sign, without disclosing a
contract. Keith was under the influence of alcohol; this claim is
uncontested, claim 97&98, from Keith's affidavit, Page 1 sec 2 Tab E.
Tab A exhibit J, shows James Schulte name when he was president page 3
of the amended declaration, when he signed the undated document, for
the amended declaration passage, with Mary Ann Bachelors signature

underneath. Let the record show, this undated document cannot be deemed a legal instrument as defined by black's law. Patricia affidavit Claimed 133 and claim 142, that the "THE EQUESTRIAN ESTATES HOMEOWNERS ASSOCIATION" board members she remembers and identifies present in the jury room during Exparte communications, for case# 11 CH 9468, were Daniel Noonan, Greg Gilbertson ,Marsha Hunter, with their attorneys Jenifer H. Carcacciolo, and Mary Cannon Veed.

120. As far as the Rooker-Feldman doctrine and res-judicata, we don't have the same cause, and we have new offenses that straddle the old and new law. It's a fact that we proved it on the record Tab A, exhibit P shows the last un-law bill sent, this was after the Defendants received the court of record document, which they defaulted officially due voluntary conduct. We proved the fraud on the court, and we proved the Perjury. We never sued Arnstein and Lehr before or State Farm, so the Rooker-Feldman doctrine just can't be applied, also we not suing based on the same cause. We also have Constitutional jurisdiction, under title 28 USC 1331. And we hold the contract in equity. Maximums of equity, bars fraud in equity; "He who comes into equity must come with clean hands." "Equity will not suffer a wrong to be without a remedy." We don't forfeit our property because of fraud perpetrated against us based on no fault of our own, especially without consideration. "No one is entitled to the aid of a court of equity when that aid has become necessary through his or her own fault." **"Equity does not relieve a person of the consequences of his or her own carelessness." "A court of equity will not assist a person**

in extricating himself or herself from the circumstances that he or she has created." "Equity will not grant relief from a self-created hardship." "Equity is equality." "Where a rule of equity conflicts with a rule of the common law, the rule of equity prevails." These are the Maxims. It will be fraud to ignore our instrument in equity.

121. " In 2005 the Supreme Court revisited the doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280. The Court affirmed that the *Rooker-Feldman* doctrine was statutory (based on the certiorari jurisdiction statute, 28 U.S.C. § 1257), and not constitutional.. Exxon Mobil Corp. v. Saudi Basic Industries Corp, reining in the lower courts' excessive jurisdictional declination and limiting the doctrine's application to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Also in Exxon Mobil, "the Court clarified that not all actions dealing with the "same or related question" resolved in state court are barred in federal court.""

122. Judicial Notice: The 6 circuit. "The United States Court of Appeals for the Sixth Circuit in Sun Valley Foods Co., 801 F.2d 186 (**6th Cir. 1986**) —have determined that Rooker-Feldman does not prevent the lower federal courts from reviewing state court judgments that were allegedly procured **through fraud.** In other words, when a "state-court loser " complains that the winner owes his triumph not to sound legal principles — or even unsound ones but to fraud,  then the loser

is not really complaining of an injury caused by a state court judgment, **but of an injury caused by the winner 's chicanery.**" Fraud vitiates everything!

123.   "A federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured **through fraud, deception, accident, or mistake.'"** quoting Resolute Ins. Co. v. State of North Carolina, 397 F.2d 586, 589 (4th Cir. 1968)"

124.   "The **United States Supreme Court** has stated for at least 88 years that "**in the absence of fraud or collusion**" does a judgment from a court **with jurisdiction** operate as res judicata." Riehle v. Margolies, 279 U.S. 218, 225 (1929)."


125.   "Powell v. American Bank & Trust Co, in the United States District Court for the Northern District of Indiana refused to apply res judicata to a case involving a proposed order based only on "containing untrue factual assertions". "To sanction the preclusion of the plaintiffs' claim via res judicata under facts such as these would be to sanction the  defrauding of any litigant by an opponent **fast enough and shifty enough to get a state court order** pertaining to the issues which **the innocent litigant seeks to argue before a court.** Surely res judicata was not **created to protect such fraud upon the courts.**"

126.   We proved our cause of action. Claim 23." We claim we have cited Black Law dic in 2015. Seventh Edition p. 619, found on page 3 Petition for the rehearing, that:  A lawyer's or party's misconduct in a judicial proceeding so serious that it undermines

or is intended to undermine the integrity of the proceeding. **Examples are … and introduction of fabricated evidence.**"

127.     "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. **The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."**

128.   "Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". **In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985)**, the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself .. It is where the court or a member **is corrupted** or **influenced** or **influence** is attempted **or** where **the judge has not performed his judicial function** --- thus where the impartial functions of the court have been **directly corrupted.**"

129. "A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from a civil action for his acts." Davis v. Burris, 51 Ariz.220,75 p.2nd 689."

130. "No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest , are creatures of the law, and are bound to obey it." United States v. Lee, 106 U.S 196,220,1S.CT.240, 27 L.ED. 171 {1882} Buckles v. King County 191 F.3D 1127,*1133{C.A.9{WASH.},**1999**

131.    Let the record show, the defendants are in dishonor, for entering into the District Court Record fabricated evidence without rebutting claims 1-26 and Warren Spencer's affidavit. The joint defendant's published/uttered forged instruments, and stayed silent to our claims in the second amended complaint. The defendants are in volition of 56 (e)(3) for failing to properly support or address a fact, along with Rule  56(c)(1)(A)(B),(c)(2)&(4); the joint defendants motion to dismiss is not supported by affidavit or cannot be presented in a form that would be admissible in evidence. And rule 8 was not followed. We require relief based on the prima facie evidence we presented under the rules of perjury.

Demetrio's Markou    Pro Per      12/28/2017

6 Surrey Court Lemont IL, 60439   630-257-8976

45

TAB A

Certificate of Service.

I Demeterio's Markou certify the parties have been served.

Affidavit

I Demetrio's Markou affiant, certify under the rules of perjury, that the joint defendants named on the on the record, with their counsel has entered fabricated evidence into the District Court Record, first on the 6th of December, and then entered it on the 11th of December. It was within the joint defendant's motion to dismiss. The fabricated evidence can be viewed under their Exhibit A in their motion.

It's the amended declaration preamble and what is within the amended declaration; signature cards which Warren Spencer the fraud document expert has deemed to be same signer for each household in question. Let the record show, all 309 claims have not been answered according Rule 8 (1) (A) (B) (2)&(6) or Rule 56 (e)(3) for failing to properly support or address a fact, and the motion entered is not supported by affidavit, and is not admissible as evidence under 56 (c)(1)(A)(B),(c)(2)&(4).

**Article VII sec one,** this must be rebutted in full "….for a term of 20 years from the date this declaration is recorded, after which time said covenants shall be **automatically extended** for successive periods of 10 years un-less an **instrument signed by then owners of two-thirds** of the lots has been recorded agreeing to change said covenants and restrictions in whole or part;

1

provided, however no such agreement of change shall be effective unless made and **recorded one year in advance of the effective date of such change..".**

Let the record show, the evidence entered against us on the District court record, is an amended declaration preamble which was shown to be false without contradiction, with signature cards, which were used as legal instruments for the unlawful transfer of private property rights. These are the same signature cards that Warren Spencer, the third party fraud document examiner, has determined with his uncontested witness testimony on the record to be **spurious.** That he determined the signature cards in question to be same signer, for each house hold. The names in question can be viewed in Warren Spencer's Affidavit and under the uncontested claim 91, in the second amended complaint. Let the record show, the claims arising from Warren Spencer's Affidavit, went uncontested by the defendants. They did not provide witness testimony to rebut. Let the record show, claims 1-26 in the second amended complaint, went uncontested, that the defendants did not go under oath to rebut Claims 1-26, which deal with the fraud and the forgery of the amended declaration.

Let the record show, the Defendants with their counsel, knew of the nature of these signature cards, with the amended

2

declaration preamble, that it is not pursuant to article VII sec 1, of the organic declaration. It is not pursuant because of the conscious insertion and deletion of matter by Allan Goldberg to hide the automatic extension, the defendants failed to record legal instruments on May 10, 1998, or any date after until 2004. The defendants have not gone under testimony to rebut, but yet entered the false documents into the District court record regardless. It is fraudulent representation, for not rebutting our claims, which are under the rules of perjury, then entering the same documents back into the court record as evidence against us. Let the record show, our and Warren Spencer's testimony are facts at law. **See Case law for uncontested affidavits section 24-50 in the motion for summary judgment.**


**Prima Facie evidence Blacks law 5th edition:** Evidence good and sufficient on its face, such evidence as, **in the judgment of law,** is sufficient to establish a **given fact,** or a group or **chain of facts** constituting the **parties claim** or defense, and if not rebutted or contradicted, will remain sufficient. **Prima Facie evidence is evidence which unexplained or uncontradictid, is sufficient to sustain judgment in favor of the issue which it supports.** Prima Facie evidence is evidence that, until its effect is overcome by other evidence, will suffice as proof of

3

the fact in issue; **"prima facie case" is one that will entitle party to recover if no evidence to the contrary is offered by the opposite party.**

Let the record show, Page 3, of the amended declaration shows under exhibit A, Mary Ann Bachelors and James Schulte signature, for the restated amendments, stating owners of at least 2/3s of the lots agreeing to change convents, and that notice was sent out at least 90 days in advance. It's misrepresentation. Final notice was given in 2000, not in 1997 or early 1998, exhibit C tab A in the second amended complaint. Let the record show, the defendants started their scheme **May 29,** 1998; exhibit F, Tab A. This was after our Declaration contract automatically closed on **May 10** 1998 for failing to record instruments on this date. They collected cards for **6 years after the close, and filed 2004;** they failed to meet terms of the agreement. "no such agreement of change shall be effective unless made and **recorded one year in advance of the effective date of such change..".**

Let the record show, the signatures were attained under false pretenses in a welcoming, under solicitation of gifts, which we proved on the record Tab A exhibit D, it was done by fraud in the inducement. That our property was converted unlawfully, over to the legal entity known as "THE EQUESTRIAN ESTATES HOMEOWNERS

4

ASSOCIATION" with solicitation of gifts after our contract in equity closed. Warren Spencer's uncontested testimony destroys any argument, that there were enough signatures to pass new amendments. Let the record show, this document on page 3, is undated, and cannot be considered a blacks law legal instrument see Claims 69-83. Also the undated signature cards do not meet black's law definition of a legal instrument. These claims are uncontested in the second amended complaint. Our Declaration called for a legal instrument, a black's law legal instrument as defined by our affidavits, in order to know who really **agreed voluntarily**.

Let the Record show, Patricia's settlement agreement was placed on the record, as evidence against her that she signed voluntarily, exhibit C. Let the record show, Mr. Murphy was bribed for the amount of 2500$ in her case, exhibit M, tab A, second page, 2a. By entering this material back on the court record, is **professional misconduct for attorneys**, see claim 203, and its fraud on the court, for bribing an officer of the court. Let the record show, Patricia witness testimony from 2015 and 2017 has gone uncontested. As well as her claims of duress, in which Patricia is under oath stating it.

Let the record show, the defendants provided no witness testimony that could be placed on the record, which can

contradict the claims made for the all the charges placed against them. Let the record show, Mary Ann Bachelors testimony, was pitted as evidence against our contract in equity, and our contract in equity, the wording of article VII sec one has shown, that her testimony is fraudulent. We proved her testimony is false on the record. Mary Ann Bachelor bore false witness testimony against us. It's Perjury!

Let the record show, the joint defendants on the record have committed a felony under title 15 sec 1. The defendant are in breach for entering known false/forged documents in writing which impair commerce across state lines in this conspiracy. That they had the gall, to enter the amended declaration preamble with the spurious signature cards back on the record. The defendants done this, without first rebutting claims 1-26 under the rules of perjury, or rebutting Warren Spencer's Affidavit, and for not being able to answer our claims point by point under Rule 8 (1) (A) (B) (2)&(6), and **for failing to properly support or address a fact**, and the motion entered is not supported by affidavit, and is not admissible as evidence under Rule 56 (e)(3), 56 (c)(1)(A)(B),(c)(2)&(4). It's fraudulent representation. We are formally charging the defendants on the record, for violating title 15 sec 1.

6

Title 15 sec 1

**Every contract**, combination in the form of trust or **otherwise,** or **conspiracy, in restraint of trade or commerce** among the several States, or with foreign nations, **is declared to be illegal**. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal **shall be deemed guilty of a felony,** and, on conviction thereof, shall be punished by fine not exceeding **$100,000,000** if a **corporation**, or, if any **other person, $1,000,000,** or by **imprisonment not exceeding 10 years,** or by both said punishments, in the discretion of the court.

This conspiracy is impairing commerce across state lines. This conspiracy is also impairing the obligations of contracts under the color of law.

Let the record show, we proved the document in question is fraudulently represented, and not pursuant to article VII sec 1 of the organic Declaration. That we cannot sell our homes, to parties out of state, for we have a cloud of title on our home, under the color of law, based on this fabricated document Tab A exhibit A. We have also proved the civil conspiracy to interfere with rights in 2105, with prima facie evidence on the record

which cannot be disputed under rule 201 b(2), Rule 56 (e)(3), 56
(c)(1)(A)(B),(c)(2)&(4), and Rule 8 (1) (A) (B) (2)&(6). Claims
269-277.

"270.  We claim Tab F exhibit M first page that in this document
the HOA claimed the proposed covenants would transfer the powers
of the Developer to the HOA. Also can be found **Tab A exhibit E.**"

"271. In regards to claim 270, we already made the claim in 2015
Section 15, page 14 petition for rehearing, that there was no
area of common interest that **could be transferred to the HOA** or
a provision for a future HOA to make it so, that there has never
been a provision for assessments, common expense, and upkeep for
an area in common interest."

"272. We claim Tab F exhibit M first page shows the HOA stated
in part that our declaration was outdated and counterproductive,
which shows the intent and civil conspiracy against the
homeowners in Equestrian Estates to convert our property rights
from single family owner, to owners in common interest were
fines, assessments, upkeep and common expense can be charged.
Also can be found **Tab A exhibit E.**"

"273. We claim the Board Meeting letter of 2003 EE_001034

exhibit D Tab A shows the intent and civil conspiracy against the homeowners in Equestrian Estates to collect undated un notarized cards via solicitation of gifts in a welcoming, then to be used   as legal instruments for the conversion of our property rights from single family owner, to owners in common interest, were fines, assessments, upkeep and common expense can be charged.."

"274.  We claim the final notice letter Exhibit C Tab A, shows the intent and civil conspiracy against the homeowners in equestrian estates, that membership should be **viewed as mandatory**, that we had no choice in the matter for the HOA to convert our property rights from single family owner, to owners in common interest, were fines, assessments, upkeep and common expense can be charged."

"275.  We claim exhibit F Tab A shows the 1998 initiation of the project in graphical terms, that this was after the 10 year automatic extension on Jan first 1998 [May 10 1998], which proves the intent and civil conspiracy against the homeowners in equestrian estates to convert our property rights from single family owner, to owners in common interest, were fines, assessments, upkeep and common expense can be charged."

9

"276.  We claim we have shown the preamble of the amended declaration **is a proven** altered instrument done with the intent to defraud, which proves the civil conspiracy against the homeowners in Equestrian Estates in which it was used to convert our property rights from single family owner, to owners in common interest, were fines, assessments, upkeep and common expense can be charged. **Exhibit A Tab A**."

"277.  We claim in Patricia's Affidavit from 2015, exhibit O Tab F, shows Mark Szerzinki letter in which he described the HOA plan for the HOA to use coercion to get people to sign these undated un-notarized signature cards anyway after a failed vote [the vote did not matter, they did it after 1997, after the automatic extension], until they had the necessary amount signatures to claim they had the votes to pass the declaration, that this letter proves the intent and civil conspiracy against the homeowners in Equestrian Estates to convert our property rights from single family owner, to owners in common interest, were fines, assessments, upkeep and common expense can be charged. Also can be found **Exhibit K, Tab A**."

Let the record show I made a mistake in my claims; our declaration was **first record on May 10,** 1977. The defendants started **May 29,** 1998. Our declaration already closed on **May 10,**

10

1998. The defendants failed to get notarized legal instruments recorded on this date of May 10 1977 or any date after, for they filed with the Cook County recorders of Deeds in 2004. Final Notice was sent in 2000. They filed 6 years later. "no such agreement of change shall be effective unless made and **recorded one year in advance of the effective date of such change..".**

Let the record show, even if legal instrument were signed within the one year window before the automatic extension happened, a common interest area could not be created. **Article VII Section 4 page 13 and Article III Page 5 section 2.** "..provided that no such modification shall change the substantive provisions of this Declaration **or any Supplemental Declaration** or **materially alter the rights of any Owner established by any such document".** "In no event shall any such supplementary Declaration revoke, modify or add to the covenants established by this Declaration **with respect to existing properties in any manner** which **would substantially alter the scheme of this Declaration."** We proved, the purchase of an out lot, known as the common area tab A, exhibit b, the defendants of the HOA, could not create an area of common interest, our original declaration forbids it. We are the owners.

"73.   The EHOA had to lie to State Farm about the common area in Patricia case, because it was forbidden for any supplementary declarations to change the nature of our property rights via **Article VII Section 4 page 13 and Article III Page 5 section 2, see claims 31 and 32."** Uncontested facts!

Let the record show, Judicial Cannon has been breached, title 28 USC 454, and 454 A & B (1) are violated. Already recorded on the record; that you refused for recusal Magistrate Chang; based solely on an appeal to authority, instead for you to follow the letter of the law; and now a felony was committed on the record in your court room, based on the legal advice given to the defendants. I was afraid this was going to happen; this is why I was so distraught at the incident that happened. Magistrate Chang the defendants along with you are in dishonor.

**Rule1.1: Compliance with the Law**

**A judge shall comply with the law,\* including the Code of Judicial Conduct.**

**Rule 2.11: Disqualification**

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality\* **might reasonably be questioned,** including but not limited to the following

12

circumstances: (1) The judge has a personal **bias** or prejudice concerning a party or a party's lawyer, or personal knowledge* of **facts that are in dispute** in the proceeding.

(b) **acting as a lawyer in the proceeding;**

**Rule 2.15: Responding to Judicial and Lawyer Misconduct**

(B) A judge having knowledge that a lawyer has committed a violation of the **Rules of Professional Conduct** that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority.

(D) A judge who receives information indicating a substantial likelihood that **a lawyer has committed a violation of the Rules of Professional Conduct shall take appropriate action.**

**Rule 2.2: Impartiality and Fairness**

A judge shall uphold and apply the law,* and shall perform all duties of judicial office fairly and impartially.*

**Rule 2.3: Bias, Prejudice, and Harassment**

13

(A) A judge shall perform the duties of judicial office, including administrative duties, **without bias** or prejudice.

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or **personal knowledge\* of facts that are in dispute in the proceeding.**

**Rule 2.5: Competence, Diligence, and Cooperation**

(A) A judge shall perform judicial and administrative duties, **competently and diligently.**

**Rule 2.7: Responsibility to Decide**

A judge shall hear and decide matters assigned to the judge, **except when disqualification** is required by Rule 2.11 or other law.\*

Magistrate Chang, there was a felony committed in your court, by the joint defendants, with their attorneys' under title 15 USC 1. **This conspiracy is impairing commerce**, for the defendants entered known fabricated evidence which could not be contradicted prior; in which you encouraged their behavior directly Magistrate Chang. They witnessed how you treated us. How did this happen? I will tell you how, when we made the Motion to prohibit Arnstein & Lehr's from representing the Equestrian Estates home owners association, that we shown on the

record professional misconduct, we cited the rules 1.2d and rule
8.4 a to f, in the motion. You denied the motion.  Under rule
201 (2), you could not reasonable deny, that the amended
declaration preamble fraudulently misrepresented article VII sec
1, with insertion and deletion of matter from our **early
affidavits.** You did not take the matter seriously.

Here is the reason why they could not represent their clients.
The defendants of EHOA in order for them to realize their scheme
to convert the property of the Equestrian Estate Homeowners;
they needed a method to get around **Article VII section 1.** It was
Allan Goldberg of Arnstein & Lehr who fabricated the amended
declaration by insertion and deletion of matter for the EHOA, in
order that it would **appear** to comply with Article VII section 1
of the organic Declaration. In doing so, it created the Rico
enterprise based on these false documents in writing; see claims
**168,173,174,.** That you could not reasonable deny, that this
**represented a conflict of interest.** Its beyond Misconduct.

I was afraid this would happen; this is why I tried to extend
an olive branch, to make an offer to the defendants. It was not
out of weakness; I did not want to see anybody else get involved
and commit a felony. As far as State Farm attorneys', I brought
this issue up on the record, that you are committing new
offenses right now, that Arnstein and Lehr lied to you on the

record, that they did not own a common interest area! You had no business to work directly with them. You did not speak up when I gave you an opportunity too; I tried to stop this insanity. It's fraud for staying silent. You guys committed a felony on the record. Why did you have to do it? I informed you about it.

Now, as far as our blocked motion for sanctions, Magistrate Chang you should have denied my motion, on that I did not do a proper notice of sanctions to let the defendants reply. Instead your answer shows bias against our uncontested prima facie evidence on the record. By using the world believe, that I believe on a premise, that it is a forged document, is volition of Rule 201 (2). **You said this, after the defendants entered their motion with no direct witness testimony on the record to rebut claims 1-26**. That means the claim that Allan Goldberg uttered a forge instrument stands uncontested; claims, 8, 9, 14, and 16 is uncontested. The defendants accused did not provide witness testimony to contradict these claims. Magistrate Chang this shows, you are not being neutral, and it's a clear bias against the uncontested prima facie evidence on the record, and shows, you are acting like their attorney still.

**Forged**, Blacks law 5th edition; To fabricate, construct, or prepare, one thing in **imitation of another thing, with the**

16

intention of substituting the false for the genuine, or
otherwise deceiving and defrauding by the use of spurious
article. To counterfeit or make falsely. .. to make spurious
written instrument with the intention of fraudulently alter a
genuine instrument to another prejudice; or to sign another
person name to a document with a deceitful intent and fraudulent
intent. (You must rebut this definition this Magistrate Chang.)

Forgery blacks law 5th edition; a person is guilty of forgery
with purpose to defraud or injure anyone, or with knowledge that
he is facilitating a fraud or injury to be perpetrated by
anyone, the actor : (a) alters any writing of another without his
authority; or (b) Makes, completes executes, authenticates,
issues or transfers any writing so that it purports to be an act
of another who did not authorize that act, or to have been
executed at a time or place or in a numbered sequence other than
was fact the case, or to be a copy of an original when no such
original existed; or (C) utters any writing which he knows to be
forged in a manner specified in paragraph (a) or (b).

Let the record show, the Defendants and their attorneys on
the record, uttered forged instruments on the District Court
record, without rebutting claims 1-26, or rebutting Warren
Spencer's affidavit. I provided the definition Magistrate Chang,

17

under 201 (2), you cannot reasonably deny. And saying Believe is going against black's law definition for a forged document. The defendants failed to reply to these claims.

Magistrate Chang you stated again, there is no basis in law in the min order. You said the same thing, when I presented Supreme Court case, for your disqualification, under title 28 455, A and B(1), Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994). I rebutted all your claims on the record; in fact it is misrepresentation Magistrate Chang for saying there is no basis in Law without providing evidence to counter. I Demetrio's Markou informed you of the law. We are a nation of laws Magistrate Chang. The defendants committed a felony on the record under Title 15 sec one because you allowed it to happen, and they committed fraud on the court again. Pretending everything is fine and is above water is fraud; its fraud for ignoring these glaring un contested facts on the record, then for them to place fabricated evidence back on the record, with the same documents that created the controversy. They do not have clean hands. Our claims of misconduct have been ignored on the record Magistrate Chang, under Judicial Cannon, you should have acted with due diligence. Let the record show Magistrate Chang is in breach of judicial cannon, and by law you must follow it.

You gave the defendants legal advice on how to attack our Rico claims based on distinctness, that you stated you will probably dismiss based on this issue. We show the books of this enterprise on the record under the rules of perjury in the court of record document. As far as distinct persons, the treasury report shows the legal name on that document "THE EQUESTRIAN ESTATES HOMEOWNER ASSOSICAION", under Rule 201 (2). This is "THE EQUESTRIAN ESTATES HOMEOWNER ASSOSICAION", treasuries report, and shows the purchase of an outlet for the amount of 20,325$. This purchase is in direct volition of **Article VII Section 4 page 13 and Article III Page 5 section 2** in which there was an obligation to follow.

I Demetrio's Markou certify the defendants accused, ie the Members named on the record, are distinct from and are directly associated with the "THE EQUESTRIAN ESTATES HOMEOWNER ASSOSICAION", which is the Association-in-fact Enterprise they are currently operating. "**..And we can find nothing in the statute that requires more 'separateness'** than that." *Cedric*, 533 U.S. at 163." Let me guess, this is not a basis in law?

This precedent was set almost 112 years ago, in Hale vs Henkel, 1906, describing the difference between a natural person and a corporate entity. Let the record show, none of the

19

defendants accused went on the record to deny there direct association with the enterprise known as "THE EQUESTRIAN ESTATES HOMEOWNER ASSOSICAION". Let the record show, the Court of Record document stands as truth. This claim has been uncontested in the second amended complaint.

Magistrate Chang you told the defendants to enter a motion to dismiss, knowing they cannot rebut the wording in the organic Declaration under the rules of federal civil procedure. Are they not professionals, they needed you to tell them? Answer what you can, I believe you said, knowing this is in volition of Rule 8, improper way to answer our claims. Why did you even get involved in the first place? You even argued jurisdiction for the parties' behalf. From the onset, you had a clear bias against us, all recorded on the record already. You even called O'Hagan Meyer, for them to make an appearance, when they failed to appear. You are supposed to call balls and strikes, not act like their counsel, in protecting them. They do not have clean hands. This violates our due process rights. You are associating with persons who bribed an officer of the court for the amount of 2500$, it's on the record. These persons engaged in constructive fraud. They filed false deed documents into the cook county recorders of deeds. These persons used undated signature cards, with the solicitation of gifts candles, to

20

procurer signatures past the time allowed in our organic declaration. We show on the record a former board member, his hand written testimony, against the EHOA. Just write a motion, and I will probably dismiss, this is what was stated to them.

The defendants lied about the purchase of a out lot to State Farm, which they were forbidden from changing the nature of our property rights. We proved under solicitation of gifts to procure signature cards past the time allowed. We proved our cause of action, we destroyed Mary Ann Bachelors testimony on the record; they have no witness testimony to contest our claims made. You knew from early on, about title 15 sec one also. The day the infraction happened, you had knowledge of this Statute. You blocked the mandatory discovery program, and told them, you will make sure that you won't allow us to make more claims. Just like our Attorney was blocked in the circuit court from adding the evidence we procured from discover. Well, we are making claims now. This act of entering known fabricated evidence back on the record, pretending everything is above water is fraud. A ruling must be consistent with the Rules of Federal procedure, Federal Statute and the US Constitution. No officer of the court is immune from violating a constitutional right, especially for involuntary servitude. And for due process, our property was converted without consideration, based on forged documents, we

21

proved it. And our Due process rights are violated for the bias on the record.

Let the record show, we and our homes are currently being held hostage to this organization against our free natural will, the preamble on the record is forged as per definition, and all of you are liable for it. We proved on the record with uncontested facts we are the owners of the properties in fact rule 201 (2). That "22 U.S. Code § 7102 - Definitions" 6 A and B is being violated. All the fictitious obligations based on this document is involuntary servitude, see claim 71. We are being threatened with the abuse of the legal system, ie foreclosure if we don't pay this organization money. They fabricated documents, inserted and deleted matter, created a fictitious contract, made my mom sign my father's name in 2000, based on gifts, **and they want us, to pay them for it.** You have the guts to send us bills of unlawful debt based on this document, after I busted you? We informed all of you, of the trespasses in 2015. We defined what actual notice is, in the court of record document.

Is it because you believe every Judge will do fraud for you? Or that you can take care of attorneys by bribing them. I have news for you, I am not a bar attorney, I will press felony charges against all who will use these fictitious documents

22

against us, now or in the future. And I will make them answer my claims. If this goes on, your attorneys' will need attorneys'. Fraud on the court, in essence is not a decision at all, and it never becomes final.

The un-rebutted claims that have arisen from the final notice letter sent in 2000 tab A exhibit C claim 199-200 & 205, stated that their organize Association-in-fact enterprise is to be "Viewed as mandatory", and if we don't comply, or pay them, it would be considered a Default on our homes; this is based on threats of the legal system. This is even before any amendments were fictitiously passed, which were not past until 4 years later. The language "Viewed as mandatory" for us to pay the Defendants' in the final notice letter, in the year 2000 without contract, violates "22 U.S. Code § 7102 – Definitions" 6 A and B for involuntary servitude, which in turn violates the 13th amendment. There **was no agreement in place**, fictitious or otherwise when they bullied us to pay them, or face default through the abuse of legal system. There is no way to spin this. **There was no agreement in place in 2000** when we were threatened with default on our homes if we don't pay; **its one count extortion, one count extortion in writing. Claim 287 is uncontested. This meets the two enumerated predicate acts alone for Rico.** It's criminal and it can't be allowed to continue!

How can you spin this? No document was in place in 2000, when you threatened us with foreclosure.

Our Rico claims are supported by the Rules of Perjury in the court of record document, which has been uncontested. It is facts in law now. We define pattern racketeering in the court of record document, we highlighted the predicate acts. We accused them of a continuous pattern in the court of record document, and provided the evidence. Let the record show, you did not stop assaulting us, and you defaulted on all claims made in the court of record document, by sending out bills of unlawful debt, based on the extortion letter. The defendants defaulted on the Court of Record Document, by sending bills of unlawful debt, after they received it. Tab A Exhibit P. The Court of Record document has not been contested, and it must be taken as true.

Warren Spencer's Affidavit is uncontested, and so are our affidavits from 2015, which the parties already defaulted on by voluntary action, the invoices under tab I, are owed, for both non action, and voluntary conduct. All the claims with regards to default have not been rebutted.

24

All the claims in the second amended complaint have not been answered according to Rule 10B, 8 (1) (A) (B) (2) & (6). Or under Rule 56 (e) (3) **for failing to properly support or address a fact**, and the motion entered is not supported by affidavit, and is not admissible as evidence under 56 (c) (1) (A) (B), (c) (2) & (4). Rule 201 (2) is violated also. Let the record show claim 1-26, could not be contradicted on the record. And 49-58, have gone uncontested.

"8.   We claim Allan Goldberg purported to pass off the preamble of the amended declaration as a genuine complete written instrument, fully drawn with respect to every essential feature of authenticity."

"9.   We claim Allan Goldberg of Arnstein & Lehr's altered the amended declaration preamble by insertion and deletion of matter."

"10.   We claim Allan Goldberg of Arnstein & Lehr's created the amended declaration preamble with the **full conscious knowledge** that it is not **pursuant** to article VII section one of the organic Declaration."

"14.   We claim Allan Goldberg uttered a forged instrument."

25

"15.  We claim utter is defined in black's law dic. 7th edition as:

1. To say, express or publish.
2. To put or send (**a document**) into circulation, to circulate a (**forged note**) as if genuine."

"49.  We claimed in Tab C page 4 section 6 that:

Article 7 page 12 and 13 of the Declaration states the duration of these time limited covenants was [a] 20 year period, after which time, the declaration will be extended for another 10 years automatically. Unless an **actual Legal Instrument** was signed and agreed to by "the **then Owners of two thirds of the lots**"..

"50.  We claimed in Tab C page 4 section 6 " The meaning by the **then owners of 2/3 of the lots,** is when the 20 year period was up in 1997…"

26

"52.  We claimed page 13 sections 12 Petition for the rehearing: That they [the HOA] started the collection process in 1998, and announced they achieved their goal in 2004.

  [We refer you to Exhibit M second page, Patricia's affidavit sent in 2015, Tab F.] Also to be found **Tab A exhibit F.**"

"53.  We claimed page 13 sections 12 Petition for the rehearing [From the same paragraph for the claim above]: ..that this violates the original time line set in the original Declaration. [I refer to **Article VII** section one **Tab H** "unless made and **recorded one year in advance of the effective date of such change".** ]"

"54.  We claimed in Tab C page 4 section 6 "… according to the original declaration it already automatically extended for another 10 years..,**they missed it.**""

"55.  We claimed Tab C page 4 section 6: For an actual legal extension of convents to be binding; in which no agreement of change shall be effective unless the People of Equestrian Estates were notified with a **written notice 90 days in advance in 1997.** Then the committee had one year's time to get **the then owners two thirds of the lots** in that time period to sign **a fully disclosed dated notarized contract/instrument with**

27

**verifiable witnesses.**  See Article V11 sec 1."

"56.  We claimed in the Petition for the rehearing page 11 sec 9: For this extension of said Declaration, to be legally binding, a formal contract must have been fully disclosed between the parties, **then signed and dated by both parties,** where all parties involved must be aware of the cause and nature of the things they are actually agreeing to in the allotted time period. "

"57.  We claimed Tab C, page 6 sections 9, the final Notice letter: This document is dated Jan of 2000 and also proves they [HOA] are in breach of the original Instrument/Declaration time line.  **Exhibit C in John's affidavit, the identifying marker of document on right bottom corner is EE_001022. Also Tab A, exhibit C.**

"58.  We claimed Tab C, page 6 section 9, in regards to the final notice letter "This Document was issued 4 years before they recorded and amended new claims with the Cook County recorder's office."

I reserve the right, to press charges against all persons who participated, directly or indirectly in this controversy. If I have to press charges, the damages will be **triple damages** of what is owed on the record, for a total of **40.5 million** in damages, plus 1 million dollars each, for title 15 sec one. By the time I file, if these claims have not been rebutted in full, it will be a default. The charges that will be brought, is depravation of rights, depravation of rights under the color of law, directly participating in a Rico Enterprise, and title 15-1.

Now for the defendants on the record, I charge you under, Title 15 sec 1.

I will make an offer, I offer, that Magistrate Chang must recues himself for what has transpired on the record, if he does not, and this has to go to the Appellate, then each defendant on the record, will personally have to pay an additional 1 million dollars each. This is the penalty for placing back on the record the false instruments, without rebutting the claims 1-26, its pretending everything is above water; its fraud. This is on you Magistrate Chang. It's not the crime that gets you, but the cover up. If this issue was taken care of at the circuit Appellate court, like it should have been, when we put it on the record, then there would be no serious penalties. If you recue

29

yourself Magistrate Chang, it would show good faith. I am giving you a chance to come back into honor. It would show Good faith.

If this issue is taken care of in the court based on the correct wording and context of our Declaration, then I will not pursue additional charges. However, if any more fraud happens on the record, or any of our claims are misrepresented, or a claim missed, each defendant will have to personally pay, an additional million dollars each. This is a contract in equity. Offer/acceptance.

Let the record show, our restrictions of the general Declaration is being violated; section 3 of article VII speaks about enforcement of our restrictions. Let the record show, claim 235 went uncontested. "235. We claim, our organic Declaration section 3 articles VII, created a private administration process for the owners to lien the land for any **person or persons** violating of attempting to violate any covenant or restrictions." They must remove the liens on our home, and stop defrauding the home owners.

In closing, I never seen anything like this, it's not ethical behavior. This is not tolerated in my field. I worked very hard to become an engineer. It was not easy for me. I was in a terrible accident when I was 19, I believe I had over 50

surgeries on my leg, a full cage, twice, rods, you name it. I was not able to walk at all for about 5 years, due to complications. I started school around the age 25-26. I had no idea, what I wanted to become. I had no clue about engineering, even though I was mechanically minded. Then I took engineering 100, and met Dr. Nuga, at COD. This is not his full name, he was from Africa, nobody could pronounce his name, and everybody called him Dr.Nuga. It was this man that made me want to become an engineer; I thought he was the smartest man that I had ever seen. He mentored me for the entire time that I was at COD. I asked him, do you need math to become an engineer? He looked at me strangely, and then I stated, I do not know any math. He said you need to start from 081. The lowest class there is. He stated he only knows of one other person who started from that low and was able to finish the program. So I did, I started from the lowest math class there is, it took two years or so, just to be able to get in my first engineering class. The man was so patient also; I would visit him in his office often, for him to help me with my math problems; simple problems that would exhaust the patience of anybody else, but not Dr. Nuga. I stuck with it. I finally graduated in 2014. I believe I started school in 2002. Dr.Nuga gave us projects, and at the end of the semester we have to give a presentation. My project led to a patent being awarded, a brace/girdle for an internal combustion

31

engine, that we can effectively double the power, while being able to maintain the structural rigidity of the block; for aftermarket applications. I take pride in this. I would never jeopardize this, by engaging in fraud. I want to serve, and do it ethically. Me and my colleague at Argonne, we put a packet in for the Chain Reaction Initiative, we made it to the semi final rounds. First place, wins some funding, and a lab, to further develop the technology. Now there is some very good competition. See this case, takes me away from developing technology for our government. I feel this is extremely important technology for our national interests; my presentation is on the 10th of Jan. I hope a decision can come after the 10th. It needs to end, and the truth must win out. We proved we are the owners, we proved we are innocent, of no fault of our own. Let the record show, the general Declaration automatically extended that instruments **were not recorded with the state on May 10,** 1998, the defendants of the HOA started their process on **May 29,** 1998, and did not file with the state until 2004. The insertion and deletion of matter was to hide this fact, that our declaration had a specific time limit to file said legal instruments. The defendants of the HOA failed to perform. This means our general Declaration stands in full force Magistrate Chang; we are the rightful legal owners, its private property. And it will be fraud to gloss over Article VII sec ones exact wording, and Article VII Section 4 page 13

32

and Article III Page 5 section 2. If there is a judgment, and the exact wording or context is not used from article VII sec one, then its fraud. If article VII sec one is not mentioned in full, then its fraud! Please, I don't want to bring more suits. But I will be forced too. You are not fighting me, but the words from article VII section one. Nobody can answer claims arising from Article VII sec one. If you over look Article VII sec 1 full context, and or state on the record their instrument meets article VII section one that you see no fault in their instrument; then **it will be a false claim.** It will be published **upon** the United States District court. 28 USC 287

"Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, **any claim upon** or against the United States, or **any department or agency** thereof, **knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall** be subject to a fine in the amount provided in this title."

To publish any claim **upon** the United States district Court knowing it to be false, is punishable by title 18 287. You will be entering such a false claim knowingly into the United States District court records. The record is the Court Magistrate

33

Chang. Again here is article VII sec one full context. Please do not misrepresent it. They missed the mark by 6 years, they filed in 2004. No way around this, except to make a false claim knowingly upon the district court. Judicial Notice under rule 201 for Article VII section one.

"….**for a term of 20 years from the date this declaration is recorded,** after which time said covenants **shall be automatically extended for successive periods of 10 years un-less an** instrument signed by **then owners of two-thirds of the lots** has been recorded agreeing to change said covenants and restrictions in whole or part; provided, **however no such agreement of change shall be effective unless made and recorded one year in advance of the effective date of such change..".**

Demetrio's Markou    12/30/2017

"OFFICIAL SEAL"
SONIA NAZIB
Notary Public - State of Illinois
Commission Expires March 24, 2019

Signed and sworn to me

On this 2nd day of January 2018

_____ Soma Nazib _____ Notary Republic

34